IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT C. PACKARD and BARBARA E.
PACKARD,
        Plaintiffs,                  07cv0578
                                                  **ELECTRONICALLY FILED**
       v.

ST. JOHN OF GOD PARISH and CATHOLIC
DIOCESE OF PITTSBURGH,
        Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND DENYING DEFENDANT'S MOTION TO REOPEN CASE

Before the Court are several motions related to the settlement of this case and this Court's Order of October 19, 2007, which provides as follows:

> ORDER DISMISSING CASE. Clerk is to mark CASE CLOSED. It appearing to the Court that the parties have agreed to an amicable resolution of this matter, IT IS ORDERED that the Clerk shall remove this case from the docket for administrative purposes. IT IS FURTHER ORDERED that, in the event any party fails to execute the settlement agreement, the case shall be reinstated to the docket upon written request of any party for purposes of enforcement of the settlement agreement. IT IS FINALLY ORDERED that the Court shall retain jurisdiction to enforce the terms of the settlement agreement of the parties. Text-only entry; no PDF document will issue. This text-only entry constitutes the Court's order or notice on the matter.

This Order was entered following an unsuccessful Early Neutral Evaluation ("ENE") on August 20, 2007, before Court appointed Early Neutral Evaluator James Logan, Esquire, see Report of ENE (doc. no. 17), a settlement attempt by this Court on October 3, 2007, at which settlement appeared to have been reached until a dispute about the release prevented finalizing the settlement, see Minute Entry for October 3, 2007, and a second ENE/ mediation before Mr. Logan, which proved successful. See Report of ENE October 8, 2007 (doc. no. 19).[1]

---

[1] The ENE/ mediation was ordered pursuant to this Court's mandatory Alternative Dispute Resolution program (doc. no. 2).

Counsel for defendants, St. John of God Parish and Catholic Diocese of Pittsburgh, represented to the Court on October 3, 2007, that he had full settlement authority on behalf of both defendants, as required by the Court's scheduling order requiring that a person with full authority be present. Scheduling Order of June 1, 2007 (doc. no. 9). Additionally, David Stewart, Risk Manager for the Catholic Diocese of Pittsburgh was present at the settlement conference of October 3, 2007. At no time did defendants' counsel or the Risk Manager ever suggest that the Pastor of St. John of God Parish, Rev. Lou Vallone, was a necessary party to the litigation or that his express approval was needed to finalize settlement, and, in fact, Rev. Vallone was not added as a party defendant on or after the deadline for adding parties, July 30, 2007.

On November 13, 2007, new counsel entered an appearance for both defendants, which jointly filed a Motion to Open on the grounds of "mutual mistake" (doc. no. 21) and a Motion to Set Aside Settlement on the grounds of "mutual mistake" (doc. no. 23). Plaintiff opposed both motions, and filed a Petition to Enforce Settlement (doc. no. 30). After careful consideration fo the motions and briefs in support and in opposition, this Court finds no mutual mistake and no reason to set aside the settlement, which, therefore, will be enforced.

The parties agree that Pennsylvania law applies. Under the law of that state, "'[t]he enforceability of settlement agreements is determined according to principles of contract law.'" McDonnell v. Ford Motor Co., 434 Pa.Super. 439, 643 A.2d 1102, 1105 (1994). On the issue of mutual mistake, the United States Court of Appeals for the Third Circuit explained:

> As elsewhere, Pennsylvania courts recognize mutual mistake as a valid ground for rescinding or reforming a settlement agreement. See, e.g., Lanci v. Metropolitan Ins. Co., 388 Pa.Super. 1, 564 A.2d 972, 974 (1989). "Mutual mistake exists

2

where both parties to a contract are mistaken as to existing facts at the time of a execution." Holt v. Dep't of Public Welfare, 678 A.2d 421, 423 (Pa.Commw. Ct. 1996). Furthermore, the doctrine will apply only where the mistake: (i) relates to the basis of the bargain; (ii) materially affects the parties' performance; and (iii) is not one as to which the injured party bears the risk. See Lanci, 564 A.2d at 974; Restatement (Second) Contracts, § 152 (1981).

Consolidated Rail Corp. v. Portlight, Inc., 188 F.3d 93, 96 (3d Cir. 1999). See also Pennsylvania Turnpike Comm'n v. K & S Trucking LLC, 362 F.Supp.2d 598, (E.D.Pa. 2005) ("Pennsylvania law recognizes the theory of mutual mistake as a valid ground for rescinding or reforming a settlement agreement or a release. The doctrine applies only where the mistake relates to the basis of the bargain, materially affects the parties' performance, and is not one as to which the injured party bears the risk.").

To invalidate a solemn settlement agreement on the grounds of mutual mistake requires clear, precise, and indubitable evidence. Felix v. Giuseppe Kitchens & Baths, Inc., 848 A.2d 943, 948 (Pa.Super. 2004), citing Bugen v. New York Life Insurance Co., 408 Pa. 472, 475, 184 A.2d 499, 500 (1962); Easton v. Washington County Insurance Co., 391 Pa. 28, 137 A.2d 332, 337 (1957) (evidence of mutual mistake must be established by two witnesses or by one witness and corroborating circumstances); Schoble v. Schoble, 349 Pa. 408, 37 A.2d 604, 605 (1944); Dudash v. Dudash, 313 Pa.Super. 547, 460 A.2d 323, 326-27 (1983).

While it is certainly true that an attorney must possess express authority from the client to settle a case, Reutzel v. Douglas, 582 Pa. 149, 870 A.2d 787 (2005), the record shows, and this Court finds, that counsel did possess the requisite express authority to settle the case on behalf of each defendant, and that defendants have not offered clear, precise, and indubitable evidence to the contrary. Defendants offer only a legal proposition, but without citation to any precedent,

3

that Rev. Vallone alone could speak on behalf of St. John of God Parish regarding settlement of claims against the Parish, and they attach no supporting affidavit or any Diocesan documents that would indicate that the lack of express authority on the part of the Parish Pastor renders a settlement agreement on behalf of the Diocese or the Parish invalid. Moreover, defendants never moved to join Rev. Vallone as a party to the litigation, and counsel for defendants and a representative for the Diocese fully participated throughout Court ordered ENE/ mediation and a settlement conference, and negotiated and reached agreement, without ever suggesting that Rev. Vallone's express approval was required.

Even if this Court could find the "mutual mistake" claimed by defendants (that counsel for the Diocese and St. John of God Parish did not have express authority to settle on behalf of Rev. Vallone or, therefore, the Parish), defendants have not even attempted to show how such a mistake could materially affect the parties' performance, since the Diocese is obligated to honor the settlement even if the Parish did not contribute.

Based upon the foregoing, defendants' Motion to Open (doc. no. 21) and Motion to Set Aside Settlement (doc. no. 23) are HEREBY DENIED, and Plaintiff's Petition to Enforce Settlement (doc. no. 30) is HEREBY GRANTED.

SO ORDERED this 7th day of January, 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record